Mark D. Lurie (ML 6997)
Lurie Law Firm LLC
96 Park Street
Montclair, New Jersey 07042
(973) 509-0050
Attorneys for Defendant, Brian Egan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------
NOEL THOMAS PATTON, ASIA BIOTECH        :   *ECF CASE/Document Electronically Filed*
CORP and TELOMERASE ACTIVATION          :
SCIENCES, INC.,                         :   No. 1:12-CV-02500-VM
                                        :
                Plaintiffs              :   **ANSWER AND COUNTERCLAIMS**
                                        :
v.                                      :
                                        :
BRIAN EGAN,                             :
                                        :
                Defendant               :
----------------------------------------------------------------

Defendant, Brian Egan ("Egan" or "Defendant"), by and through his attorney, hereby answers the Complaint as follows:

1. Defendant admits the allegations contained in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. In response to the allegations contained in Paragraph 5, defendant states that the document attached as Exhibit 1 to the Complaint speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 5, and leaves plaintiffs to their proofs.

## **BACKGROUND FACTS**

6. Defendant denies the allegations contained in Paragraph 6.

7. In response to the allegations contained in Paragraph 7, defendant states that the document attached as Exhibit 1 to the Complaint speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 5, and leaves plaintiffs to their proofs.

8. Defendant admits that he was employed by plaintiffs from May 16, 2011to September 15, 2011. Plaintiffs' allegations regarding "certain Confidential Information" is vague and ambiguous, and defendant therefore denies such allegations. To the extent not explicitly admitted, defendant denies the remaining allegations contained in Paragraph 8.

9. Defendant admits that plaintiffs notified him that his employment was terminated on September 15, 2011. Defendant denies the remaining allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant admits the allegations contained in Paragraph 11.

12. In response to the allegations contained in Paragraph 12, defendant states that the alleged document speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 12, and leaves plaintiffs to their proofs.

13. Defendant admits the allegations contained in Paragraph 13.

14. In response to the allegations contained in Paragraph 14, defendant states that the alleged document speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 14, and leaves plaintiffs to their proofs.

15. Defendant admits that TA Sciences sent a letter to him on September 22, 2011, which speaks for itself, and therefore neither denies nor admits the remainder of the allegations contained in paragraph 12, and leaves plaintiffs to their proofs.

16. Defendant denies the allegations contained in Paragraph 16.

17. In response to the allegations contained in Paragraph 17, defendant states that the alleged document speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 17, and leaves plaintiffs to their proofs.

18. Defendant denies the allegations contained in Paragraph 18.

19. In response to the allegations contained in Paragraph 19, defendant states that the alleged e-mail speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 17, and leaves plaintiffs to their proofs.

## **FIRST CAUSE OF ACTION**

20. In response to Paragraph 20, defendant repeats his prior answers as if fully set forth herein.

21. In response to the allegations contained in Paragraph 21, defendant states that the alleged document speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 21, and leaves plaintiffs to their proofs.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore denies such allegations, and leaves plaintiff to their proofs.

23. Defendant denies the allegations contained in paragraph 23.

24. In response to the allegations contained in Paragraph 24, defendant states that the alleged document speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 24, and leaves plaintiffs to their proofs.

25. In response to the allegations contained in Paragraph 25, defendant states that the alleged document speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 25, and leaves plaintiffs to their proofs.

26. In response to the allegations contained in Paragraph 26, defendant states that the alleged document speaks for itself, and therefore neither denies nor admits the allegations contained in paragraph 26, and leaves plaintiffs to their proofs.

27. The allegations contained within paragraph 27 are vague, and do not constitute a complete sentence.  To the extent that plaintiffs allege that defendant failed to comply with their September 22 letter, defendant denies the allegation.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

## **SECOND CAUSE OF ACTION**

32. In response to Paragraph 32, defendant repeats his prior answers as if fully set forth herein.

33. Defendant denies the allegations contained in paragraph 33.

34. In response to the allegations contained in Paragraph 34, defendant states that the alleged documents speaks for themselves, and therefore neither denies nor admits the allegations contained in paragraph 34, and leaves plaintiffs to their proofs.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

### THIRD CAUSE OF ACTION

39. In response to Paragraph 39, defendant repeats his prior answers as if fully set forth herein.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

### FOURTH CAUSE OF ACTION

44. In response to Paragraph 44, defendant repeats his prior answers as if fully set forth herein.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant admits that Moran advised that, for a fee, he could introduce Plaintiffs to clients who could help develop and cultivate a network of potential customers in South America, but that Plaintiffs had rejected Moran's offer. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which an award of punitive damages may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by their own contributory and/or comparative fault.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by their own misconduct.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's alleged conduct was not the proximate or actual cause of any damages alleged by plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged defamatory statements were not published.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged defamatory statements were privileged.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged defamatory statements were true.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged defamatory statements were statements of opinion.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged defamatory statements did not result in any special damage to plaintiffs.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged defamatory statements were not uttered maliciously.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because defendant did not maliciously or intentionally interfere with any purported economic advantage.

**DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFFS**

Defendant, Brian Egan, by way of Counterclaim against plaintiffs, alleges as follows:

1.　Egan commenced her employment with TA Sciences ("TA Sciences") in April 2011, earning $150,000 plus bonus potential. .

2. Throughout his employment, Egan's work was exemplary, and he received no negative comments or criticisms.

3. TA Sciences' founder and CEO, Noel Patton ("Patton"), insisted that all of its employees over 40, including Egan, take TA-65 capsules per day, which TA Sciences has claimed is efficacious for improving immune system function, vision improvement, sexual enhancement and other functions in adults in their 40s or 50s.

4. Prior to taking TA-65, Patton and TA Sciences insisted that Egan receive a full physical, including extensive blood tests, with Dr. Joseph M. Raffaele, who is affiliated with TA Sciences, and whose medical practice, PhysioAge Medical Group, acts as the New York City clinical arm of TA Sciences.

5. The physical examination, which lasted for approximately 3 hours and included the taking and testing several vials of blood, indicated that Egan was healthy, with no sign of cancer.

6. In accordance with Patton's direction, Egan then started taking took 2 capsules (500 units) of TA-65 per day, which continued until just immediately before the termination of his employment.

7. Both before and during Egan's employment, Patton, TA Sciences and Asia Biotech, had indications that TA-65 could cause cancer.

8. Patton, TA Sciences and Asia Biotech were concerned that, if TA65 were linked to cancer, this would be devastating for their business.

9. For example, while certain TA Sciences employees were responsible for routine processing and responding to complaints and inquiries regarding TA-65, Patton and TA Sciences instructed these employees that, if they received any calls, inquiries or complaints regarding the

relationship between TA-65 and cancer, they should not do anything regarding such calls but should, instead, forward them immediately to TA Sciences' second highest ranking officer, Weimin Liu (Liu"), who reviewed them with Patton

10. Upon information and belief, Liu kept a log book of all such complaints and inquiries. Unlike all other medical conditions and adverse events (which must be reported to the FDA), upon information and belief, TA Sciences never reported or published any adverse events, complaints or issues regarding cancer in individuals using TA-65, even though it had knowledge of such adverse events, complaints and issues and was required to report them. Nor did Patton, TA Sciences or Asia Biotech report such issues to the licensor of TA-65, Geron Corporation, even though it was required by the license agreement. Further, TA Sciences did not keep records of any lot numbers for TA-65.

11. On or about September 13, 2011, Egan was diagnosed as having prostate cancer.

12. Egan's physician further directed him to immediately cease using TA-65, as this could have a detrimental impact on the progression of the cancer.

13. The following day, Egan spoke with Patton by telephone, and advised him of his diagnosis.

14. Patton angrily responded that Egan should not discuss his condition with any employees or anyone outside the company, and that he would meet with Egan the following day.

15. On the next day, September 15, 2011, Patton personally came to Egan's office.

16. Patton stated that he could not afford to have the public know that one of its employees, who had religiously taken TA-65, had developed cancer and that Egan's doctor had noted that this product could have further negative impact on the progression of the disease.

17. Patton concluded by terminating Egan effective immediately.

18. Recognizing that his actions were unjustifiable, upon information and belief Patton then called a meeting of Egan's co-workers, including Angela Alvarado, Clarissa Versteegh and Marissa Chunisingh, and falsely and maliciously told them that Egan had physically assaulted him, and that he terminated Egan's employment.

19. Upon information and belief, within days after Egan's termination, Patton sent an e-mail to Egan's co-workers, falsely and maliciously stating that Egan had physically assaulted Patton.

20. Upon information and belief, within days after Egan's termination, Liu, at Patton's direction and in collusion to cover up the discriminatory termination, also sent an e-mail to Egan's colleagues, falsely and maliciously asserting that Patton and TA Sciences terminated Egan's employment for performance related issues, even though Liu was not present during the termination meeting.

21. Further, on or about September 23, 2011, TA Sciences contacted Dr. Raffaele, and improperly obtained Egan's medical records, without his knowledge or consent, in violation of the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule, 45 CFR 164.

22. Even though Patton, TA Sciences and Asia Biotech were on notice that Egan had prostate cancer, and asserted that his cancer was caused by TA-65, they continued to falsely and fraudulently claim to the public that there were no complaints tying their product with cancer, recognizing and tacitly acknowledging that this information could be fatal to their business.

23. Patton, TA Sciences and Asia Biotech similarly failed to disclose to the federal Food and Drug Administration that Egan, and others, notified the company that there might be a connection between TA-65 and cancer.

## FIRST CAUSE OF ACTION
## (New York Human Rights Law)

24. Egan hereby incorporates by referenced the allegations contained in paragraph 1-23 of the Counterclaim as if set forth at length herein.

25. Egan was an employee of TA Sciences and/or Asia Biotech under the New York Human Rights Law.

26. During the course of his employment, Egan had a disability (prostate cancer), as defined by the New York Human Rights Law.

27. Immediately prior to his termination, Egan notified Patton, TA Sciences and Asia Biotech of his disability.

28. Patton, TA Sciences and/or Asia Biotech discriminated against Egan by terminating his employment due to his disability, in violation of the New York Human Rights Law.

29. As a direct and proximate result of illegal discrimination, Egan has suffered, and will continue to suffer, damages, including but not limited to physical and emotional damages, economic harm, stress, medical bills, damage to his reputation as well as disruption in his professional and personal life.

30. Patton, TA Sciences and Asia Biotech's actions have been extreme and outrageous, and were actuated by actual malice and/or wanton and willful disregard for Egan and for laws, regulations, public policy and public health and safety.

WHEREFORE, Egan demands judgment against Patton, TA Sciences and Asia Biotech, jointly and severally, for damages, including back pay, front pay, compensatory and punitive

damages, counsel fees, pre-judgment and post-judgment interest, Court costs and fees, and such other relief as the Court may deem just and appropriate under the circumstances.

## SECOND CAUSE OF ACTION
### (Defamation)

31.   Egan hereby incorporates by referenced the allegations contained in paragraph 1-30 of the Counterclaim as if set forth at length herein.

32.   Patton, TA Sciences and Asia Biotech published knowingly false and malicious statements to Egan's co-workers, including false allegations that he engaged in physical violence against Patton.

33.   These statements were intentionally, knowingly, negligently and/or recklessly published to third parties without Egan's authorization.

34.   These statements were made intentionally in order to damage Egan and his reputation.

35.   As a direct and foreseeable result of these publications, Egan has been damaged.

36.   These statements were wanton and malicious falsehoods, for which Egan is entitled to exemplary and punitive damages.

WHEREFORE, Egan demands judgment against Patton, TA Sciences and Asia Biotech, jointly and severally, for damages, Court costs and fees, and such other relief as the Court may deem just and appropriate under the circumstances.

## THIRD CAUSE OF ACTION
### (HIPAA)

37.   Egan hereby incorporates by referenced the allegations contained in paragraph 1-36 of the Counterclaim as if set forth at length herein.

38.     Within weeks of Egan's termination, Patton, TA Sciences and/or Asia Biotech demanded that Dr. Raffaele release Egan's protected health information without Egan's knowledge or permission.

39.     In accordance with the request, Dr. Raffaele disclosed Egan's protected health information without Egan's knowledge or permission.

40.     These actions by Patton, TA Sciences and/or Asia Biotech were in violation of HIPAA.

WHEREFORE, Egan demands judgment against Patton, TA Sciences and Asia Biotech, jointly and severally, for damages, statutory penalties, Court costs and fees, and such other relief as the Court may deem just and appropriate under the circumstances.

## JURY DEMAND

Egan hereby demands a trial by jury on all issues herein.

Dated:  Montclair, New Jersey
April 10, 2012

          Respectfully submitted,
          **LURIE LAW FIRM LLC**


          By:     s/Mark D. Lurie
          Mark D. Lurie
          96 Park Street
          Montclair, New Jersey  07042
          Phone: (973) 509-0050
          Fax: (973) 509-0054
          mdlurie@lurielawfirm.com
          Attorneys for Defendant and
            Plaintiff in Counterclaim, Brian Egan